In the
# United States Court of Appeals
### For the Seventh Circuit

No. 13-3324

MARGA BAKER,

*Plaintiff-Appellant*,

*v.*

MACON RESOURCES, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Central District of Illinois.
No. 12-2156 — **Michael P. McCuskey**, *Judge.*

SUBMITTED MARCH 26, 2014[*] — DECIDED APRIL 25, 2014

Before WOOD, *Chief Judge*, and SYKES and HAMILTON, *Circuit Judges.*

PER CURIAM. Marga Baker, who worked for 19 years as a caregiver for people with disabilities, challenges the grant of summary judgment for her former employer, Macon

---

[*] In light of Baker's unopposed motion to waive oral argument, and after examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Resources, in this age-discrimination lawsuit. Because a jury reasonably could find that Macon Resources discriminated based on age by treating a younger employee more leniently after she and Baker reportedly violated the same policy, we reverse and remand.

We recount the facts in the light most favorable to Baker. See *Hobgood v. Ill. Gaming Bd.*, 731 F.3d 635, 637 (7th Cir. 2013). Macon Resources, which hired Baker in 1991, runs group homes for people with disabilities. The organization has a written policy requiring any employee who "witnesses, is told of, or has reason to believe an incident of abuse or neglect … has occurred" to report the allegation. Under this policy employees must inform a supervisor of suspected abuse; a more recent state law also requires them to report to a state agency, the Office of the Inspector General. See 20 ILCS 1305/1-17(k) (enacted Aug. 13, 2009). Baker twice witnessed abuse in the late 1990s when she saw a coworker, David Carter, use his finger to "flick" the back of a resident's neck. She told her supervisors about the flicking after she observed it, as company policy required.

A decade later the Office of the Inspector General interviewed three workers as it reviewed allegations that Carter had both sexually and physically abused the same resident. According to the Inspector General's report, "direct" evidence of sexual abuse came from Angelia Cross, a 39-year-old caregiver. She told investigators that she had seen the resident agitated, yelling, and gesturing at his genitals the day after Carter had worked the overnight shift. At the time, Cross asked the resident "who did that to him," but she could not understand his response because of his extremely limited

communication skills. A week later, she overheard Carter admit to another employee, "Yes, I pulled it," which led her to suspect Carter of sexual abuse. Then, a month later, she saw the resident raise his fist, point to his genitals, and point toward the room where Carter was standing. Though Cross and Baker discussed Cross's observations of Carter's suspected sexual abuse, Cross did not report her observations. The Inspector General's Office also interviewed Baker and a third caregiver. Both described seeing Carter flick the resident in the neck. The third caregiver also told investigators that she had heard Carter "joking" about his abusive act of squeezing the resident's testicles.

The report concluded that the resident had been abused. Although the report found insufficient evidence to substantiate the claim of sexual abuse, it concluded that the neck-flicking was proven physical abuse. The Inspector General also recommended that Macon Resources address the failure of Baker, Cross, and the third employee to comply with the 2009 state law requiring that they report suspected abuse to the Inspector General. See 20 ILCS 1305/1-17.

Macon Resources held meetings on whether the three caregivers had breached the company's policy requiring that they report abuse to a supervisor; it did not address the state law. The disciplinary report for Cross observed that she had "direct evidence" of and "suspected" that Carter had sexually abused a resident. The report for Baker and the third caregiver found that each had been "an eyewitness to physical abuse," namely, of the flicking. All three were found to have failed to report the abuse. After reviewing these disciplinary reports and the Inspector General's report, the executive director fired

the 56-year-old Baker and the 61-year-old caregiver who had seen the flicking, but chose a 3-day suspension for the 39-year-old Cross. Believing that her employer gave the youngest worker a lighter punishment because of her age, Baker sued under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1).

During discovery the executive director defended the different punishments for Baker and Cross. He admitted that Baker and Cross had violated the same company obligation to report abuse any time they have "reason to believe" it occurred. He also acknowledged that he relied on the Inspector General's report and the internal disciplinary reports, both of which described Cross as having "direct evidence" of sexual abuse. But, he added, Baker had "witnessed" flicking, whereas he described Cross as having only "hearsay or kind of rumor knowledge" of sexual abuse. Yet he later testified that failure to report "even rumors" is a "serious offense." The director also testified that he was unaware of Baker's assertion, advanced at her disciplinary meeting, that she timely reported the flicking to her supervisors. Macon Resources has not investigated whether Baker's supervisors, who still work at the company, violated the policy by themselves failing to act on Baker's report of physical abuse.

Baker proceeded in the district court under the indirect, burden-shifting approach to a *prima facie* case first established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The parties clashed over two points. First, they disputed whether Baker supplied evidence of two elements of her *prima facie* case: meeting her employer's legitimate job expectations and identifying a similarly situated, younger employee who

received favorable treatment. See *Hester v. Ind. State Dep't of Health*, 726 F.3d 942, 946–47 (7th Cir. 2013); *Everroad v. Scott Truck Sys., Inc.*, 604 F.3d 471, 477 (7th Cir. 2010). These elements merge in cases of discriminatory discipline; the inquiry is whether a younger employee engaged in similar misconduct yet received lighter punishment. See *Rodgers v. White*, 657 F.3d 511, 517 (7th Cir. 2011); *Luster v. Ill. Dep't of Corr.*, 652 F.3d 726, 730 (7th Cir. 2011). Second, the parties also disputed whether, if Baker satisfied these elements, she could rebut as pretextual the director's reason that he distinguished Baker from Cross because only Baker had "witnessed" abuse. See *Perez v. Thorntons, Inc.*, 731 F.3d 699, 708 (7th Cir. 2013). The district court granted summary judgment to Macon Resources, concluding that Baker and Cross were not similarly situated because Cross neglected to report only "suspicions" of abuse, whereas Baker was fired for failing to report abuse that she had witnessed.

On appeal Baker argues that the district court erroneously construed the record in Macon Resources's favor and should have denied summary judgment. Baker maintains that Cross is a similarly situated worker who engaged in comparable misconduct and that the reasons for treating Cross more leniently are pretextual.

Baker has supplied adequate evidence that Cross is a comparable worker who engaged in similar misconduct yet received lighter treatment. Whether employees engaged in misconduct of comparable seriousness is an objective question. *Coleman v. Donahoe*, 667 F.3d 835, 851–52 & n.4 (7th Cir. 2012); *Eaton v. Ind. Dep't of Corr.*, 657 F.3d 551, 556–58 (7th Cir. 2011).

The company's reporting policy draws no distinction in imposing a duty to report among those who "witness" abuse, those who are "told of" it, and those who have "reason to believe" it occurred. Baker witnessed Carter commit physical abuse when he flicked the resident; similarly Cross had "reason to believe" that Carter sexually abused the resident when she witnessed the resident's gestures and overheard Carter, who "told of" it when he said, "Yes, I pulled it." Based on this evidence, a jury could reasonably find that Baker and Cross are sufficiently similar to establish a *prima facie* case of age discrimination. See *Coleman*, 667 F.3d at 851 (plaintiff who had "thoughts" about killing her boss was comparable to employees who threatened other employee with knife); *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 406 (7th Cir. 2007) (two employees who left safe unlocked against policy were comparable even though one did so at night and other during business hours); *Ezell v. Potter*, 400 F.3d 1041, 1049–50 (7th Cir. 2005) (mail carrier who took extended lunch break similarly situated to carrier who lost certified mail); *Appelbaum v. Milwaukee Metro. Sewerage Dist.*, 340 F.3d 573, 580–81 (7th Cir. 2003) (plaintiff who broke confidentiality policy and employee who was insubordinate in refusing to answer questions about confidentiality violations were materially similar).

Macon Resources responds that, even if Baker and Cross are objectively similar, it permissibly treated Baker more harshly because the director believed it significant that only Baker "witnessed" abuse. But Baker replies that the professed reliance on witnessing is pretextual. Although this issue is a close call, for two reasons we agree with Baker that the

evidence construed in her favor can allow a jury to find pretext.

First, a jury may reasonably infer pretext from flagrant inaccuracies or inconsistencies in an employer's proffered reason for an employment decision. See *Mullin v. Temco Machinery, Inc.*, 732 F.3d 772, 778–80 (7th Cir. 2013); *Hobgood*, 731 F.3d at 647–48. Here, the director's asserted reliance on Cross not "witnessing" abuse to justify his lenient treatment of her is inconsistent with the policy that he invokes, the Inspector General's Report on which he relies, and his other testimony. The director testified that when he decided on discipline he relied on the company's reporting policy and the Inspector General's report. The company's policy requires that staff must report abuse, not only when they "witness" it, but equally when they have "reason to believe" or have been "told of" it. And from the Inspector General's report, the director knew that Cross had both reason to believe and was told that Carter sexually abused a resident: It recounts that Cross suspected Carter of abuse, that she saw the resident point to his genitals and then gesture toward Carter, and that Carter said that he "pulled it." Even if the director believed that Cross's suspicions were as weak as a mere rumor, he also testified that a failure to report "even rumors" is a "serious offense." Construing this evidence in Baker's favor, we conclude that the record allows an inference that the director viewed Cross's silence about her suspicions of Carter's sexual abuse as an offense just as serious as Baker's. See *Coleman*, 667 F.3d at 851 (finding evidence of pretext in employer's attempt to distinguish between two co-workers, both of whom displayed tendency toward violence).

Second, selective enforcement or investigation of a disciplinary policy can also show pretext, *Coleman*, 667 F.3d at 857–58; *Chaney v. Plainfield Healthcare Ctr.*, 612 F.3d 908, 915–16 (7th Cir. 2010), and the record contains evidence of that, too. The manager who oversaw Baker's disciplinary meeting learned that she told her supervisors about the flicking. But the company has never investigated those supervisors for their inaction. Nor has it offered a reason why, at the same time it fired Baker for failing to report the flicking, it chose not to investigate whether her own supervisors violated the same reporting rule. Instead, the director merely notes that because he is four years older than Baker, an inference of discrimination is implausible. But the Supreme Court has held that "it would be unwise to presume as a matter of law that human beings of one definable group will not discriminate against other members of their group." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 78 (1998), quoting *Castraneda v. Partida*, 430 U.S. 482, 499 (1977). Any inferences about the director's motivations here are for the trier of fact.

We conclude that the selective enforcement of Macon Resources's reporting policy, combined with the inconsistencies in distinguishing Baker from Cross, can support pretext. This pretext evidence could lead a jury reasonably to believe that age is the true reason that it fired Baker but retained the younger Cross after both violated the same company rule. See *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000) ("Proof that the defendant's explanation is unworthy of credence is … probative of intentional discrimination, and it may be quite persuasive."); *Filar v. Bd. of Educ. of City of Chi.*, 526 F.3d 1054, 1064–65 (7th Cir. 2008) ("Because the only salient

difference between [the plaintiff] and the younger teachers was age, a jury could conclude that age motivated [the employer's] decisions."). Accordingly, the case must be tried.

REVERSED and REMANDED.