# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20543

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2014

Lyle W. Cayce
Clerk

MICHELLE LYONS,

Plaintiff-Appellant,

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-1680

Before DAVIS, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Michelle Lyons appeals the district court's grant of summary judgment in this employment discrimination suit. We reverse.

## I.

Lyons is a former employee of the Texas Department of Criminal Justice ("TDCJ"). In 2001, Lyons began working at TDCJ as a public information officer ("PIO"). At this time, Lyons' immediate supervisor at the Public Information Office was Larry Fitzgerald. Fitzgerald retired in 2003. In 2006,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20543

Lyons was herself appointed as TDCJ's Director of the Public Information Office ("PI Director"). Her responsibilities included supervising PIO Jason Clark and an office secretary, Rebecca Blanton.

In 2011, Blanton informed TDCJ's deputy executive director, Bryan Collier, of irregularities in Lyons' timekeeping. Collier then assigned Thomas Prasifka to investigate Blanton's allegations. The focus of Prasifka's investigation was whether Lyons had reported working full 8-hour days when she had not actually been in the office or at an approved off-site location as required by TDCJ regulations. Prasifka found evidence that Lyons had committed multiple timekeeping violations and reported his findings to Collier.

Collier concluded that Lyons' violations were serious enough to justify termination under TDCJ policy. Rather than terminating Lyons' employment, however, Collier consolidated Lyons' multiple timekeeping violations into a single violation and demoted Lyons from PI Director to PIO. At this time, Lyons reported to Collier that Clark had used the same timekeeping practices that she had. Based on Lyons' allegations, Prasifka then investigated Clark's timesheets as well. Prasifka's second investigation apparently did not yield sufficient evidence, however, to justify Clark's termination or demotion.

Lyons filed this action in district court in 2012. Lyons advanced gender discrimination claims under Title VII of the Civil Rights Act of 1964, as codified at 42 U.S.C. § 2000e-2(a)(1). Specifically, Lyons claimed that Clark, a male employee, committed the same timekeeping violations as Lyons but was not subjected to any adverse employment action. Thus, Lyons submits that she was treated less favorably than a similarly situated male employee resulting in a violation of Lyons' rights under Title VII.

TDCJ moved for summary judgment, arguing that Lyons' demotion had a legitimate, non-discriminatory justification—Lyons' failure to consistently

No. 13-20543

maintain accurate timesheets.  The district court granted summary judgment in favor of TDCJ.  Lyons appeals.

## II.

We review a district court's grant of summary judgment under Rule 56(a) de novo, applying the same standards as the district court.[1]  The court must view the evidence in the light most favorable to the non-movant and may not weigh evidence or make credibility determinations.[2]  When analyzing a discrimination claim based on circumstantial evidence, we apply the *McDonnell Douglas* burden-shifting framework.[3]

## III.

The affidavit of Lyons' former supervisor, Larry Fitzgerald, supports a jury finding that PIOs were not required to follow TDCJ's written timekeeping policy.  Fitzgerald stated:

> As Ms. Lyons' supervisor, I instructed her on how to keep her time. I explained to Ms. Lyons that since she was an exempt employee she was not eligible for overtime.  Therefore, it was not necessary for her to track her hours to the minute on a day-to-day basis.
>
> I also explained to her since she was an exempt employee it was not necessary for her to work a set shift.  Instead, if she had an errand she needed to run, or needed to leave the office prior to 5:00 p.m. when the PIO office closed, that she could do so without any adverse action.  Simply put, this is because the PIO officers, including me and Ms. Lyons, worked many hours each week outside of work at our homes and during what would otherwise be "personal time" since we received media inquires [*sic*] day and night, seven days a week.

---

[1] *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013).

[2] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000); *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014).

[3] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 & n.11 (5th Cir. 2009).

No. 13-20543

Therefore, I informed Ms. Lyons that the TDCJ requires that she work a minimum of 40 hours per week, and that as long as she was working at least that much, that it did not matter whether she was in the office from to 8:00 to 5:00 daily. Rather, I explained since she was responsible for insuring that she timely and appropriately answered all media inquiries, that as long as she worked 40 hours per week, she could fill out her timesheets by marking 8 hours in the office per day.

Fitzgerald's affidavit was not mentioned by either the district court or TDCJ in its brief to this court.

A reasonable jury could conclude from Fitzgerald's explanation, together with the summary judgment evidence that Lyons' co-worker, Clark, also did not strictly follow TDCJ's timesheet policy as written, that TDCJ's timesheet policy recognized a de facto exception for PIOs. If the de facto exception was selectively ignored in Lyons' case, a reasonable jury could also conclude that Lyons' violation of TDCJ's timesheet policy was a pretext for her demotion. An employer's selective application of a facially neutral policy is evidence of pretext, as many courts have concluded.[4] As we also suggested in *E.E.O.C. v. Louisiana Office of Community Services*, 47 F.3d 1438, 1445-46 (5th Cir. 1995), an inference of pretext may be drawn based on evidence that an employer's relevant rules and standards "were not consistently applied."[5]

Accordingly, because triable issues of fact remain as to whether Lyons' violation of the timesheet policy was the actual reason for her demotion or a pretext, TDCJ was not entitled to summary judgment. We therefore vacate

---

[4] *Baker v. Macon Res., Inc.*, 750 F.3d 674, 677-78 (7th Cir. 2014); *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 405 (6th Cir. 1999); *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1155 (10th Cir. 1990); *E.E.O.C. v. Air Liquide USA LLC*, 692 F. Supp. 2d 658, 678 (S.D. Tex. 2010); *Vickers v. Int'l Baking Co.*, CIV. A. 398CV1864D, 2000 WL 1804612, at *4 (N.D. Tex. Dec. 7, 2000).

[5] *See also Jenkins v. Ball Corp.*, 140 F. App'x 519, 526 (5th Cir. 2005) (citation omitted).

No. 13-20543

the district court's order and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.